IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

SHARON BOONE, a citizen and resident )
of Monroe County, Tennessee, )
                                                     )
    Plaintiff, )
                                                     )
v. )    No.
                                                   )
AMERICAN UNITED LIFE INSURANCE )
COMPANY, and DISABILITY )
REINSURANCE MANAGEMENT )
SERVICES, INC. )
    Defendants. )

## COMPLAINT

Comes now the Plaintiff, Sharon Boone, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Sharon Boone, is a citizen and resident of Monroe County, Tennessee.

2. Defendant, American United Life Insurance Company ("AUL") is headquartered at One American Square, Indianapolis, IN 46206, and has had significant and continuous business contacts throughout the State of Tennessee. AUL was administratively dissolved in Tennessee in 1989, and may be served with process through the Commissioner of Insurance at 500 James Robertson Parkway, Tennessee Department of Commerce and Insurance, Nashville, Tennessee, 37243. At all material times Defendant, AUL, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Defendant, Disability Reinsurance Management Services, Inc. ("Disability RMS"), is a Maine corporation that provides claims, risk and productivity management solutions to employers in the United States. It specializes in claims administration and related cost management services in the areas of short and long-term disability, *inter alia*. Disability RMS's headquarters are located at One Riverfront Plaza, Westbrook, ME 04092. Disability RMS may be served with process through its registered agent for service of process, Corporation Service Company, 45 Memorial Circle, Augusta, Maine, 04330. At all material times Defendant, Disability RMS, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for her Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7).

8. The Defendant Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

9. The Defendant, AUL, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29

U.S.C. § 1102(a)(1).

10. The Defendant, Disability RMS, is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

## FACTS

11. At all times material, Plaintiff worked for Exedy America Corporation.

12. Plaintiff developed certain physical conditions, including Fibromyalgia, fatigue, and persistent muscle pain, that made it difficult for her to work, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

13. In or about September of 2011, Plaintiff ceased working due to a long term disability and submitted a claim to Defendants for long term disability benefits.

14. Plaintiff received salary continuation from Defendants representing payments for benefits from September 12, 2011 through October 7, 2011.

15. On or about August 22, 2012, Plaintiff received a letter from Defendant Disability RMS indicating that her claim for Long Term Disability was denied.

16. Plaintiff timely appealed the denial and cessation of her benefits.

17. On or about February 26, 2013, Plaintiff received a letter from Defendant Disability RMS informing Plaintiff of the appellate review of the adverse prior decision and informed Plaintiff that benefits are not payable.

18. Defendants' decision to deny Plaintiff long term disability benefits under the

Policy was arbitrary and capricious.

19. Defendants have failed to provide long term disability benefits due Plaintiff under the Policy.

20. Defendants have failed to discharge their fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

C. Order Defendants to pay Plaintiff back benefits due under the Policy.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of her suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this \_\_\_\_ day of August, 2013.

                                                  /s/ *[signature]*
                                                  John P. Dreiser (BPR #020743)
                                                  Tony Farmer (BPR# 1865)
                                                  Attorneys for the Plaintiff
                                                  1356 Papermill Pointe Way
                                                  Knoxville, TN 37909
                                                  (865) 584-1211